IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN V. SNOOK,

      Plaintiff,

  v.

BARNEY RABOLD, PORTLAND
WATER BUREAU and the CITY
OF PORTLAND, OREGON,

      Defendants.

No. CV 06-849-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiff John V. Snook ("Mr. Snook") filed this employment action in Oregon state court against defendants Barney Rabold, the Portland Water Bureau, and the City of Portland, Oregon (collectively "the City"). The case has since been removed to this court. Mr. Snook asserts four claims for relief: (1) Wrongful Discharge, (2) Sex Discrimination under Oregon law and Title VII, (3) Religious Discrimination under Oregon law and Title VII, and (4) Age Discrimination under Oregon law and the Age Discrimination in Employment Act ("ADEA"). The City moves to dismiss Mr. Snook's Second, Third, and Fourth Claims for Relief. Mr. Snook moves to remand on grounds that this court lacks original and supplemental jurisdiction over his claims. Because this court has jurisdiction, Mr. Snook's motion to remand (#6) is DENIED. Because Mr. Snook failed to commence an action on his state law claims within the statutory time period and failed to exhaust his administrative remedies on his federal claims, the City's motion to dismiss (#3) is GRANTED. Mr. Snook's remaining wrongful discharge claim was not addressed by either party. I exercise my discretion to REMAND that issue under 26 U.S.C. § 1367(c)(3).

## FACTS

Mr. Snook worked for PWB through July 2004. On July 7, 2004, he filed an administrative complaint with the Oregon Bureau of Labor and Industries ("BOLI") and the Equal Employment Opportunity Commission ("EEOC"), alleging the City retaliated against him for filing a civil rights complaint and taking leave under the Oregon Family Leave Act ("OFLA").[1] He received a right to sue letter from BOLI on July 7, 2005. He also apparently received a separate right to sue letter from the EEOC on August 9, 2005.[2]

Mr. Snook originally filed suit against the City on October 7, 2005; on May 9, 2006, he filed an amended complaint alleging (1) wrongful discharge, (2) sex discrimination under Or. Rev. Stat. § 659A.030(1)(a) and (b) and 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), (3) religious discrimination under Or. Rev. Stat. § 659A.030(1)(a) and (b) and Title VII, and (4) age discrimination under Or. Rev. Stat. § 659A.030(1)(a) and (b) and 29 U.S.C. §§ 621-634 ("the ADEA"). The City removed to federal court on June 16, 2006, and subsequently filed a Rule 12(b)(6) motion to dismiss Mr. Snook's state and federal discrimination claims. Thereafter, Mr. Snook filed a motion to remand to state court.

## DISCUSSION

**I. Mr. Snook's Motion to Remand**

    A. <u>Legal Standard Governing Motion to Remand</u>

In deciding whether removal is appropriate, the district court must first determine whether it has federal question jurisdiction over the claims at issue. 28 U.S.C. § 1441(a). Section 1441(a) provides that defendants may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The district courts have original jurisdiction over all civil actions "arising under the Constitution,

---

[1] In Oregon, a filing with Oregon BOLI also constitutes a federal EEOC filing.

[2] The EEOC letter is not part of the record.

laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under federal law only when it is facially apparent from the plaintiff's well-pleaded complaint that the action raises federal law issues. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Practically speaking, a district court has original jurisdiction if the plaintiff could have brought the claim in federal court initially. *Id.*; *King County v. Rasmussen*, 299 F.3d 1077, 1081-82 (9th Cir. 2002).

When a federal claim is "joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed" to federal court. 28 U.S.C. § 1441(c). The district courts have supplemental jurisdiction over state law claims that "derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." 28 U.S.C. § 1367(a); *Int'l Coll. of Surgeons*, 522 U.S. at 165 (internal quotations omitted). However, it is within the court's discretion to remand the supplemental state claims if they meet one of four criteria: (1) "the claim raises a novel or complex issue of State law;" (2) the State law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction;" (3) "the district court has dismissed all claims over which it has original jurisdiction;" or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, Mr. Snook's Title VII and ADEA claims clearly arise under federal law and are therefore within this court's original jurisdiction. Title VII and the ADEA independently create federal causes of action for sex, religious, and age discrimination separate from the discrimination claims available under Or. Rev. Stat. § 659A.030(1)(a) and (b). In his amended complaint, Mr. Snook alleges both federal and state discrimination causes of action, thereby fulfilling the "well-pleaded complaint" requirement. Accordingly, the court finds that it has original jurisdiction over Mr. Snook's Title VII and ADEA claims.

Mr. Snook cites § 1367(c)(4) arguing the court should not exercise supplemental jurisdiction over his state claims because "exceptional circumstances" require remand of his case, but he offers no facts in support of this assertion. Mot. Remand at 3. The Ninth Circuit has noted Congress intended § 1367(c)(4) to apply "only in factual circumstances that are truly unusual." *Executive Software N. Am. v. U.S. Dist. Court*, 24 F.3d 1545, 1558 n.10 (9th Cir. 1994). Such circumstances are absent here. Accordingly, the court has both original and supplemental jurisdiction.

**II. The City's Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

The City moves to dismiss because it argues (1) Mr. Snook's state discrimination claims are time barred, and (2) his federal discrimination claims fail because he did not exhaust all available administrative remedies before filing suit. The court may dismiss a case under Rule 12(b)(6) only when it "appears beyond doubt that the [non-movant] can prove no set of facts in support of his claim that would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000).

  A. <u>Mr. Snook's Oregon Discrimination Claims Are Time Barred</u>

The City first moves to dismiss Mr. Snook's Oregon discrimination claims for sex, religious, and age discrimination, which were filed under Or. Rev. Stat. § 659A.030(1)(a) and (b), because Mr. Snook did not commence his action within the statutory period. Or. Rev. Stat. § 659A.875(1) provides that civil employment claims must be filed within one year after the unlawful employment activity unless an administrative complaint has been filed with BOLI. Once a plaintiff has filed a BOLI complaint, he has 90 days from the date of BOLI's right-to-sue letter to file a civil action in state court. Or. Rev. Stat. § 659A.875(2).

Here, Mr. Snook filed a complaint with BOLI and subsequently failed to file his civil action within 90 days of the date of the right-to-sue letter. The right-to-sue letter explicitly states the 90 days began running on July 7, 2005. As such, Mr. Snook's 90 days ran on October 5, 2005. Nevertheless, he failed to file his civil action until October 7, 2005, 92 days after the date

of the letter. Therefore, Mr. Snook's state discrimination claims are barred by Or. Rev. Stat. § 659A.875(2).

Additionally, an administrative complaint submitted to BOLI must "set forth the acts or omissions alleged to be an unlawful [employment] practice." Or. Rev. Stat. § 659A.820(1). Because Mr. Snook did not allege sex, religious, or age discrimination in his BOLI complaint, those claims are governed by Or. Rev. Stat. § 659A.875(1), which entitles a plaintiff who has not filed a BOLI complaint to file a state civil action for employment discrimination within one year of the unlawful conduct. Mr. Snook's amended complaint alleges he was terminated on July 7, 2004. He had one year from that date to file his state discrimination claims. As he did not file these claims until October 7, 2005, they are also time barred by Or. Rev. Stat. § 659A.875(1).

B. Mr. Snook Has Failed to Exhaust Administrative Remedies for His Federal Discrimination Claims

As a prerequisite to filing a federal civil suit for discrimination, Title VII requires aggrieved persons to file a timely complaint with the EEOC. *Del. State Coll. v. Ricks*, 449 U.S. 250, 256 (1980); *Vasquez v. County of L.A.*, 349 F.3d 634, 644 (9th Cir. 2003). A plaintiff must also file a timely administrative complaint with the EEOC before he may maintain an ADEA claim. *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1099 (9th Cir. 1998). A plaintiff is not entitled to raise new claims before the district court that he did not allege in a timely EEOC or BOLI complaint, unless the new claims are "'like or reasonably related to the allegations contained in the EEOC charge.'" *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002) (quoting *Green v. L.A. County Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989)). Thus, in this context, exhaustion of remedies is a jurisdictional matter. Therefore, the court only has subject matter jurisdiction over Title VII and ADEA claims raised explicitly in a timely EEOC complaint or claims like or reasonably related to timely administrative claims.

Mr. Snook did not allege his Title VII or ADEA claims in his BOLI/EEOC complaint. He simply alleged the City retaliated against him for invoking OFLA and for filing a civil rights

complaint. No evidence exists to suggest either BOLI or the EEOC investigated complaints under his federal discrimination theories. On these facts, Mr. Snook has not exhausted his administrative remedies regarding these issues. Accordingly, the court does not have subject matter jurisdiction to hear his Title VII and ADEA claims.

## CONCLUSION

Mr. Snook's argument that the court lacks original and supplemental jurisdiction over his federal and state claims is erroneous, and therefore his motion to remand (#6) is DENIED. However, it is clear his federal and state discrimination claims are not properly before this court, as he failed to exhaust the available federal administrative remedies and to timely file his state claims. Therefore, the City's motion to dismiss (#3) is GRANTED. As this court has dismissed Mr. Snook's federal and state discrimination claims, I thereby exercise my discretion to remand Mr. Snook's sole remaining cause of action for wrongful discharge pursuant to 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED.

DATED this   12th   day of October, 2006.

>                         /s/ Michael W. Mosman
>                         MICHAEL W. MOSMAN
>                         United States District Court